UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-CV-61416-MORENO/TORRES

MILK MONEY MUSIC, SNUG
MUSIC, ALMO MUSIC
CORPORATION, GONE GATOR
MUSIC, EMI APRIL MUSIC INC.
AND UNIVERSAL MUSIC
CORPORATION,

    Plaintiffs,

v.

OAKLAND PARK ENTERTAINMENT
CORP., AND CARL A. PACILLO,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT AWARDING INJUNCTIVE RELIEF AND ATTORNEYS' FEES AND COSTS AGAINST DEFENDANTS OAKLAND PARK ENTERTAINMENT CORP. AND CARL A. PACILLO**

THIS CAUSE is before the Court upon Plaintiffs' Motion for Entry of Final Judgment Awarding Injunctive Relief and Attorneys' Fees and Costs against Defendants Oakland Park Entertainment Corp. and Carl A. Pacillo with Incorporated Memorandum of Law [DE-13] (the "Motion"), filed herein on November 13, 2009. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

The Plaintiffs, all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), filed this suit for copyright infringement against Defendants,

Oakland Park Entertainment Corp. and Carl A. Pacillo, on September 8, 2009 [DE-1]. The Defendants own and operate an establishment named "Alligator Alley" located at 1321 E. Commercial Blvd. in Oakland Park, Florida. The Complaint alleges that the Defendants knowingly performed, or allowed to be performed, at their establishment, four musical compositions, whose copyrights the Plaintiffs own, without obtaining permission from the Plaintiffs or a license from ASCAP. Although properly served with the Complaint, the Defendants never responded, and the Clerk of the Court entered clerk's defaults against the Defendants on October 16, 2009 [DE-5] and October 30, 2009 [DE-10]. The Plaintiffs now seek entry of a default judgment for $28,000.00 in statutory damages, $3,730.18 in attorneys' fees and costs and a permanent injunction prohibiting the Defendants from publicly performing any copyrighted composition in the ASCAP repertory. The Court has previously entered default judgments against the Defendants on October 22, 2009 [DE-8] and October 30, 2009 [DE-12], and further finds that the Plaintiffs are entitled to the relief requested in their Motion.

## I. Factual Background

The Plaintiffs are all members of ASCAP and holders of copyrights of musical compositions. ASCAP is a membership association of music writers and publishers, all of whom have given ASCAP a non-exclusive license to authorize non-dramatic public performances of their copyrighted work. According to the Declaration of ASCAP's litigation administrator Douglas Jones, and the accompanying records from ASCAP's communications with the Defendants, ASCAP first contacted the Defendants in a letter dated July 23, 2002.

According to that letter, ASCAP believed that the Defendants were publicly performing songs in the ASCAP repertory without permission from ASCAP or the copyright owners. ASCAP informed the Defendants that they needed to obtain permission from the copyright owners or purchase an annual ASCAP license in order to legally perform these works. The letter further offered the Defendants the opportunity to purchase an ASCAP license. From July 23, 2002 through July 7, 2009, ASCAP sent numerous letters and made numerous telephone calls to the Defendants apprising them of their obligations under the copyright laws and attempting to resolve the matter. There is no indication that the Defendants ever responded to any of these communications. Based on ASCAP's annual license fee schedule, ASCAP estimates that the Defendants would have paid $9,036.75 for an ASCAP license from July 2002 through December 31, 2009.

On the evening of May 2-3, 2007, an independent investigator hired by ASCAP visited Alligator Alley and made a contemporaneous list of all songs performed at that establishment. According to Jim Casanova's investigative report, submitted along with the Douglas Jones' declaration, the four songs forming the basis of this action were all performed during his visit.

## II. Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). By defaulting, the Defendant is held to admit well-pleaded facts; the Court

may enter default judgment if the unchallenged facts constitute a legitimate cause of action. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

To establish copyright infringement for musical compositions, a plaintiff must demonstrate five elements: (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in the action; (4) that the compositions were performed publicly by the defendant; and (5) that the defendant did not receive permission from any of the plaintiffs or their representative for such performance. *Major Bob Music & Stubbs*, 851 F. Supp. 475, 479 (S.D. Ga. 1994). Having reviewed the complaint, the Court finds that the Plaintiffs have properly pled all of these elements and are entitled to final judgment against Defendants.

### III. Statutory Damages

The Plaintiffs seek $28,000.00 in statutory damages pursuant to 17 U.S.C. §504(c). Under this statute, a plaintiff may choose to recover statutory damages instead of actual damages and profits for each copyright infringement. 17 U.S.C. §504(c)(1). The Court has discretion to award from $750 to $30,000 per infringement. *Id.* Furthermore, if the Court finds the infringement to be "willful," the Court may award up to $150,000 per infringement. 17 U.S.C. §504(c)(2). The Court has wide discretion in fixing the statutory damages within the prescribed limits. *See, e.g., Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.*, 725 F.2d 1 (1st Cir. 1983).

Some of the factors which other courts have considered in determining the statutory

damages figure are the expenses saved or profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs, and the infringers' state of mind. *Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 998, 914 (D. Conn. 1980); *Major Bob Music*, 851 F. Supp. at 481. The Court's aim is not just compensating the Plaintiffs for their injury but also to discourage wrongful conduct. *F. W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952). Many courts make sure that statutory damages exceed the unpaid license fees in order to give defendants an incentive to obey copyright laws rather than violate them. *See, e.g., Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1003 (E.D. Va. 1985); *Rogers v. Eighty Four Lumber Co.*, 623 F. Supp. 889, 892 (W.D. Pa. 1985).

The $28,000.00 sought by the Plaintiffs represents a statutory damage award of $7,000.00 for each of the four compositions at issue. The Plaintiffs argue that this is a reasonable amount in comparison to the unpaid license fees of $9,036.75 and ASCAP's investigative expense of $177.80. The Court finds that $28,000.00 in statutory damages is reasonable. Given Defendants' conduct in failing to respond to ASCAP's multiple correspondence, telephone calls and personal visits aimed at getting Defendants properly licensed, there can be no doubt that the Defendants acted knowingly, and possibly even willfully, in violating the Plaintiffs' copyrights. The Plaintiffs made numerous attempts, through the mail, telephone and in person, to warn the Defendants of their violations and offer them the opportunity to play ASCAP music legally through a purchased license. The Defendants ignored all warnings in blatant disregard of copyright law. In similar situations, other courts have not hesitated to award statutory damages in a similar range to that sought

by Plaintiffs. *See Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224 (7th Cir. 1991); *Morely Music v. Café Continental, Inc.*, 777 F. Supp. 1579 (S.D. Fla. 1991); *Nick-O-Val Music Co. v. P.O.S. Radio, Inc.*, 656 F. Supp. 826, 828-829 (M.D. Fla. 1987).

### IV. Injunction

The Plaintiffs are also entitled to the requested injunction. Injunctive relief is authorized by 17 U.S.C. §502(a). Although the Plaintiffs only represent a small fraction of ASCAP's total membership and music repertory, the Plaintiffs urge the Court to issue an injunction prohibiting the Defendants from playing all ASCAP music without a license or permission from the copyright holder. Given the Defendants' ongoing violations of copyrights and their indifference to ASCAP's attempts to apprise them of their violations, an injunction is appropriate. Furthermore, the broader injunction against playing all ASCAP music is reasonable. The Defendants have demonstrated indifference toward the rights of all ASCAP's copyright holders, not just the Plaintiffs actually present here. Indeed, as the Douglas Jones declaration indicates, the Plaintiffs here were essentially chosen at random from a much longer list of copyright holders whose compositions were played by the Defendants on the night of the investigator's visit. This conclusion is consistent with the findings of other courts in cases brought by members of ASCAP. *See, e.g., E. Beats Music v. Andrews*, 433 F. Supp. 2d 1322, 2006 WL 1519929 (M.D. Ga. May 30, 2006).

### V. Attorneys' Fees and Costs

Finally the Plaintiffs seek a total of $3,204.00 in attorneys' fees and $526.18 in costs pursuant to 17 U.S.C. §505. In support of their request, the Plaintiffs submit a declaration

from attorney Frederick D. Page, a partner at the law firm of Holland & Knight LLP. Mr. Page's declaration demonstrates his experience in copyright litigation in Florida. He also affirms that the hours spent on this matter were reasonable and that the rates charged were consistent with those charged by similarly experienced attorneys in the area. The declaration includes a detailed account of the hours spent on this matter. The hours log indicates that the Plaintiffs' attorneys spent a reasonable amount of time on each piece of this litigation and that tasks requiring larger amounts of hours were assigned to a lower-billing attorney. The log of costs also indicates a reasonable amount of costs for a case of this duration. Having reviewed Mr. Page's declaration, the Court finds that the requested fees and costs are reasonable. Accordingly, it is **ORDERED**:

1. The Plaintiffs' Motion for Entry of Final Judgment Awarding Injunctive Relief and Attorneys' Fees and Costs against Defendants Oakland Park Entertainment Corp. and Carl A. Pacillo with Incorporated Memorandum of Law is **GRANTED**. The Plaintiffs are entitled to Final Judgment on all the relief requested.

2. Defendants, Oakland Park Entertainment Corp. and Carl A. Pacillo, are hereby **ENJOINED AND RESTRAINED**, either alone or in concert with others, from publicly performing any and all of the copyrighted musical compositions in the ASCAP repertory, including those belonging to Plaintiffs, and from causing or permitting such compositions to be publicly performed at the establishment known as Alligator Alley, located in Oakland Park, Florida or at any other facility owned, operated, or conducted by the Defendants, in whole or in part, and from aiding and abetting public performances of such compositions,

unless Defendants shall have previously obtained permission to give such performances either directly from the Plaintiffs or the copyright owners whose compositions are being performed or by license from ASCAP.

3. The Court reserves jurisdiction over the parties and this action to enforce the terms of this permanent injunction through contempt proceedings and/or through any other permissible means.

4. The Clerk shall enter judgment in this action in favor of Plaintiffs and against Defendants Oakland Park Entertainment Corp. and Carl A. Pacillo, jointly and severally, in the amount of $31,730.18.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _____ day of _____, 2009.

_____
FEDERCIO A. MORENO
CHIEF UNITED STATES DISTRICT COURT

Copies to:
Counsel of Record